## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

| | |
|---|---|
| **CODY G. MARTIN**<br>121 Highland Ave<br>Louisville, KY 40258<br><br>　　　　Plaintiff,<br><br>**v.**<br><br>**COMMERCIAL FLOOR TECH, INC.**<br>3909 Oaklawn Drive<br>Louisville, KY 40219<br><br>　　　　Defendant. | Civil Action No.: 3:24-CV-49-RGJ<br><br>Judge: Judge Rebecca Grady Jennings |

## COMPLAINT WITH JURY DEMAND

Cody G. Martin ("Mr. Martin" or "Plaintiff") states the following for his Complaint against Commercial Floor Tech, Inc. ("Commercial" or "Defendant"):

### INTRODUCTION

1. This action arose after Commercial engaged in discriminatory employment practices against a loyal employee who served the company without incident until his coworkers discovered he was gay. Indeed, Mr. Martin's coworkers constantly called him slurs such as "faggot" and "dick-sucker." Likewise, Mr. Martin was physically assaulted twice. Mr. Martin complained to his supervisors that his coworkers were constantly harassing him because of his sexual orientation. When Mr. Martin stood up to Defendant's blatant discriminatory practices and a culture of discrimination, Defendant retaliated against him, threatened to have him arrested, and terminated him.

## PARTIES & JURISDICTION

2. Mr. Martin is a resident of Louisville, Kentucky. Plaintiff's claims arose out of an employment relationship with Commercial Floor Tech, Inc. located in Louisville, Kentucky.

3. Commercial Floor Tech, Inc. is a Kentucky Corporation registered with the Kentucky Secretary of State doing business in Jefferson County, Kentucky.

4. This Court has jurisdiction to hear this case under 28 U.S.C. § 1331 because Plaintiff asserts claims arising under Title VII of the Civil Rights Act of 1964 ("Title VII").

5. Plaintiff also states claims under the laws of the Commonwealth of Kentucky. These claims are inherently related to the other claims in this case, over which this Court has original jurisdiction, that they are a part of the same case or controversy under Article III of the United States Constitution. Accordingly, this Court has supplemental jurisdiction of these claims under 28 U.S.C. § 1367.

6. Venue is proper in this Court because the transactions and occurrences occurred in Louisville, Kentucky.

7. Plaintiff timely made a claim with the Equal Employment Opportunity Commission and received a right to sue letter.

8. Plaintiff has timely filed this action and has complied with all administrative prerequisites to bring this lawsuit.

9. Defendant employs more than 15 people.

## BACKGROUND FACTS

10. Mr. Martin is a gay man.

11. Defendant hired Mr. Martin in February of 2023.

12. Mr. Martin's job title was Flooring Installer.

13. Mr. Martin was qualified for his position and adequately performed all his job duties.

14. Mr. Martin's superiors were impressed with his quality of work and praised him for it.

15. Mr. Martin worked for Defendant without incident until his coworkers discovered he was gay.

16. In fact, the day after Mr. Martin admitted to being gay, one of his straight coworkers, a flooring installer (who upon information and belief goes by "Sid"), physically assaulted him.

17. Additionally, Sid verbally accosted him, calling him "dick-sucker" and "faggot".

18. Mr. Martin immediately complained to his supervisor that he was being discriminated against for his sexual orientation.

19. Defendant did nothing to investigate or correct this conduct.

20. After Mr. Martin's straight coworkers discovered he was gay, they refused to communicate with him.

21. Mr. Martin was even told by another flooring installer (who upon information and belief goes by "Thomas") that they didn't want to work with him.

22. Mr. Martin was the only gay man employed by Defendant.

23. Mr. Martin continued to complain to his superiors that he was being discriminated against because of his sexual orientation.

24. Defendant took no corrective action in response to these complaints.

25. Instead, Defendant significantly cut Mr. Martin's hours.

26. Additionally, when Defendant did schedule Mr. Martin, they forced him to work with Sid, who had previously assaulted him.

27. Mr. Martin requested not to work with this coworker on multiple occasions.

28. These requests went unanswered.

29. During one shift together, Sid began verbally berating Mr. Martin with insults such as "faggot" and "dick-sucker".

30. Mr. Martin did his best to pacify the situation.

31. Despite this, Sid grabbed Mr. Martin by his neck and pushed him up against a wall.

32. After being assaulted by Sid for a second time, Mr. Martin went to his superiors to complain about sexual discrimination and retaliation.

33. Mr. Martin asked his superiors why nothing had been done to correct Syd's actions and why his hours were being cut following his complaints.

34. This complaint was met with immediate hostility.

35. Mr. Martin's superior accused him of being a "good liar".

36. Mr. Martin complained to the owner of the company about the constant harassment because of his sexual orientation, the retaliation, and his manager's failure to act.

37. The owner then ordered Mr. Martin to immediately leave the premises and threatened to have him arrested.

38. Days after this incident, Defendant terminated Mr. Martin.

39. Therefore, within days of complaining about sexual discrimination and retaliation, Defendant terminated or constructively discharged him.

40. Defendant's conduct created a hostile work environment based on Mr. Martin's sexual orientation.

41. Mr. Martin suffered emotional distress due to the severe nature of the hostile work environment.

42. Defendant's actions were severe and pervasive.

43. Mr. Martin suffered damages and will continue to suffer damages in the future because of Defendant's actions.

## CLAIMS

### COUNT I
### SEX/SEXUAL ORIENTATION DISCRIMINATION UNDER TITLE VII

44. Mr. Martin restates and incorporates all paragraphs.

45. Mr. Martin is a gay man and a member of a protected class.

46. Mr. Martin was qualified for his position.

47. Mr. Martin suffered multiple adverse employment actions.

48. For example, Mr. Martin's coworker would call him names such as "faggot" and "dick-sucker".

49. Mr. Martin's coworker also physically assaulted him twice because of his sexual orientation.

50. Mr. Martin's coworkers would not communicate with him because of his sexual orientation.

51. Additionally, Defendant would assign Mr. Martin to significantly less shifts than his straight coworkers after they discovered he was gay.

52. Defendant's conduct created a hostile work environment based on Mr. Martin's sexual orientation.

53. Mr. Martin was humiliated, economically damaged, and suffered emotional distress.

54. Defendant acted maliciously and with a conscious disregard for Mr. Martin's rights.

55. Mr. Martin is entitled to all damages and injunctive relief permissible under Title VII.

## COUNT II
## RETALIATION UNDER TITLE VII

56. Mr. Martin restates and incorporates all paragraphs.

57. Mr. Martin was qualified for his position.

58. Mr. Martin made informal and formal complaints to Defendant's agents and employees opposing Defendant's unlawful discriminatory employment practices based on sexual orientation.

59. Mr. Martin reported Defendant's unlawful behavior to his supervisor on multiple occasions.

60. Mr. Martin's belief that Defendants' behavior constituted sexual orientation discrimination was reasonable and in good faith.

61. As a result of Mr. Martin's complaints, Defendant's agents and employees took materially adverse actions against him, calling him names such as "dick-sucker and "faggot", assaulting him on two occasions, significantly cutting his hours, threatening to

call the police against him, forcing him to leave the premises, and eventually terminating him.

62. Defendant's adverse actions constituted retaliatory workplace harassment.

63. Within days of complaining about sexual orientation discrimination and retaliation Defendant terminated Mr. Martin.

64. Mr. Martin was humiliated, economically damaged, and suffered emotional distress.

65. Defendant's actions were willful and in a conscious disregard of the rights of Mr. Martin.

66. As a direct and proximate result of the discrimination, Mr. Martin has sustained, and will continue to sustain, economic, and emotional injuries.

67. Mr. Martin is entitled to all damages and injunctive relief permissible under Title VII.

68. As a result of Defendant's actions, Mr. Martin has been harmed.

## COUNT III
## SEX/SEXUAL ORIENTATION DISCRIMINATION UNDER KRS §344

69. Mr. Martin restates and incorporates all paragraphs.

70. Mr. Martin is a gay man and a member of a protected class.

71. Mr. Martin was qualified for his position.

72. Mr. Martin suffered multiple adverse employment actions.

73. For example, Mr. Martin's coworker would call him names such as "faggot" and "dick-sucker".

74. Mr. Martin's coworker also physically assaulted him twice because of his sexual orientation.

75. Mr. Martins coworkers would not communicate with him because of his sexual orientation.

76. Additionally, Defendant would assign Mr. Martin to significantly less shifts than his straight coworkers after they discovered he was gay.

77. Defendant's conduct created a hostile work environment based on Mr. Martin's sexual orientation.

78. Mr. Martin was humiliated, economically damaged, and suffered emotional distress.

79. Defendant acted maliciously and with a conscious disregard for Mr. Martin's rights.

80. Mr. Martin is entitled to all damages and injunctive relief permissible under KRS §344.

## COUNT IV
## RETALIATION UNDER KRS §344

81. Mr. Martin restates and incorporates all paragraphs.

82. Mr. Martin was qualified for his position.

83. Mr. Martin made informal and formal complaints to Defendant's agents and employees opposing Defendant's unlawful discriminatory employment practices based on sexual orientation.

84. Mr. Martin reported Defendant's unlawful behavior to his supervisor on multiple occasions.

85. Mr. Martin's belief that Defendant's behavior constituted sexual orientation discrimination was reasonable and in good faith.

86. As a result of Mr. Martin's complaints, Defendant's agents and employees took materially adverse actions against him, calling him names such as "dick-sucker" and "faggot" , assaulting him on two occasions, significantly cutting his hours, threatening to call the police against him, forcing him to leave the premises, and eventually terminating him.

87. Defendant's adverse actions constituted retaliatory workplace harassment.

88. Within days of complaining about sexual orientation discrimination and retaliation Defendant terminated Mr. Martin.

89. Mr. Martin was humiliated, economically damaged, and suffered emotional distress.

90. Defendant's actions were willful and in a conscious disregard of the rights of Mr. Martin.

91. As a direct and proximate result of the discrimination, Mr. Martin has sustained, and will continue to sustain, economic, and emotional injuries.

92. Mr. Martin is entitled to all damages and injunctive relief permissible under KRS §344.

93. As a result of Defendant's actions, Mr. Martin has been harmed.

**WHEREFORE**, Mr. Martin respectfully requests that this Court find for him and award him the following:

a. Compensatory damages.

b. Reinstatement;

c. Lost wages and all other compensation denied or lost to Plaintiff by reason of Defendant's unlawful actions;

d. Statutory damages;

e. Interest;

f. Punitive damages;

g. Attorney fees;

h. Costs;

i. Litigation expenses; and

j. All other relief this Court deems proper.

Respectfully Submitted,

**/s/ Robert L. Thompson**
Robert L. Thompson (KY: 98791)
THOMPSON LEGAL LLC
10529 Timberwood Circle, Unit B
Louisville, Kentucky 40223
P: 502-366-2121
F: 502-438-9999
Robert@RthompsonLegal.com

## JURY DEMAND

Plaintiff demands a trial by jury on all triable issues.

**/s/ Robert L. Thompson**
Robert L. Thompson (KY: 98791)
